Tiffany Troy (#16764)
TROY LAW, PLLC
3608 E Sunset Road
Suite 110
Las Vegas, NV 89120
(833) 487-6988
tiffanytroy@troypllc.com
*Attorneys for Plaintiff*
*Robolaw Corporation*

# UNITED STATES DISTRICT COURT

## OF NEVADA

|  |  |
|---|---|
| ROBOLAW CORPORATION, <br><br> Plaintiff(s), <br><br> vs. <br><br> FILE RIGHT, INC., <br> dba File Right, LLC <br> dba Forms Direct, Inc., <br><br> Defendant(s). | ) <br> ) Case Number: 25–cv– <br> ) <br> ) **COMPLAINT FOR PATENT** <br> ) **INFRINGEMENT** <br> ) <br> ) **DEMAND FOR JURY TRIAL** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Plaintiff Robolaw Corporation ("Plaintiff" or "Robolaw"), by its attorneys, for its Complaint against Defendant File Right, Inc. ("File Right"), formerly doing

business as File Right, LLC and Forms Direct, Inc. ("Forms Direct"), separately or together referred to as "Defendant", for patent infringement alleges as follows:

## INTRODUCTION

1.    Since 1999, Robolaw has been a leader in innovating automated legal solutions.  Robolaw has developed technical solutions for various automated legal solutions, including cloud-based legal document generation, automated domain name monitoring, and examination preparation software.  All these automated legal solutions were innovative and developed years in advance of competitors.

2.    Robolaw's investments in research and development for automated legal document generation led to technical innovations that shaped cloud-based legal document generation as the world knows it today.  Robolaw patented these and other inventions and today has a substantial portfolio of issued United States patents.

3.    Defendant is a leader in immigration and naturalization form preparation services from websites.  Defendant's success in immigration and naturalization form preparation depends upon the technical innovations developed and patented by Robolaw, without these Robolaw innovations, Defendant would not enjoy the success that it does today.

4.    Robolaw brings this lawsuit to seek fair compensation from Defendant for its unauthorized and unlicensed use of Robolaw's patented technology.

## NATURE OF THE ACTION

5.    This Complaint alleges patent infringement.  Robolaw alleges that

Defendant has infringed and continues to infringe, directly and/or indirectly, the

following two Robolaw patents:

1.    U.S. Patent No. 7,844,569, granted November 30, 2010 and entitled

"Method and System for Electronic Negotiation of Documents" (the " '569

patent"); and

2.    U.S. Patent No. 10,289,663, granted May 14, 2019 and entitled

"Method and System for Formation of Electronic Documents" (the " '663

patent").

These Robolaw patents are collectively referred to herein as the "Robolaw Patents"

and copies of which are attached as Exhibits 1 and 2, respectively.

6.    The Robolaw Patents cover foundational automated document creation for

delivering customized documents, such as legal documents, directly to consumers

in near real-time.  Advantageously, the Robolaw patented technology serves to

enable consumers to acquired customized legal documents anytime and anywhere,

while in many cases obviating the need for expensive legal engagements with

lawyers.

7.     Defendant directly infringes the Robolaw Patents by making, using, offering to sell, selling, and/or importing into the United States computer-implemented form preparation technology and related services, including preparation and delivery of legal documents, including immigration and naturalization forms, for its employees or consumers throughout the United States - including the District of Nevada.

8.     Defendant indirectly infringes the Robolaw Patents by inducing its consumers (i.e., customers and end-users) to directly infringe the Robolaw Patents. Defendant induces infringement by providing software (via its website) that, when used by consumers, creates, completes and provides legal documents to personal computers, phones, tablets, and other electronic devices, as directed and intended by Defendant, causes those users to make, use, and practice the inventions claimed in the Robolaw Patents.

9.     Robolaw seeks damages and other relief for Defendant's infringement of the Robolaw Patents.

10.    In 2018, Defendant, when known as Forms Direct, stipulated to a court order imposing an injunction and monetary judgment to resolve a lawsuit filed against Forms Direct by the Federal Trade Commission ("FTC") alleging Defendant (then named Forms Direct) participated in deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).  The monetary judgment was for

the amount of Two Million and Two Hundred Thousand Dollars ($2,200,000).
The injunction imposed was onerous and directed Defendant to prevent further
deceptive acts or practices.  Among other things, the injunction prohibited further
misrepresentations, and expressly ordered as follows:

> "IT IS HEREBY ORDERED that, in connection with
> promoting or offering for sale any service or product,
> Defendants, Defendants' officers, agents, employees, and
> attorneys, and all other persons in active concert or participation
> with any of them, who receive actual notice of this Order,
> whether acting directly or indirectly, are permanently restrained
> and enjoined from:
>
> A. Misrepresenting or assisting others in misrepresenting,
> expressly or by implication, that any of the Defendants, or any
> other person, is affiliated with, licensed or sponsored by, or
> otherwise connected to any government entity; and
>
> B. Misrepresenting or assisting others in misrepresenting,
> expressly or by implication, any fact material to consumers
> concerning any good or service, including but not limited to:
>
> 1.  The identity of the company or individual providing the
> good or service;

2.  The total cost to purchase, receive, or use the good or service; or

3.  Any other fact material to consumers concerning the good or service." [1]

11.    The court order imposed on Defendant is directly applicable to Defendant's providing of computer-implemented form preparation technology and related services, including preparation and delivery of legal documents, including immigration and naturalization forms.

## THE PARTIES

12.    Robolaw is a Nevada corporation having a principal place of business is 701 South Carson St., Ste 200, Carson City NV 89701.  Robolaw owns patents covering cloud-based customization of documents, such as legal documents, including the Robolaw Patents asserted here.

13.    Defendant File Right is a Nevada corporation with its principal place of business at 10624 S. Eastern Ave., Suite A-797, Henderson, NV 89052.

---

[1] *Federal Trade Commission v. Forms Direct, Inc. et al.,* Case No. 3:18-cv-06294, "STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT," Document 3, filed October 15, 2018.

14.    On or about January 1, 2018, Forms Direct merged with File Right, LLC to form one remaining entity, Forms Direct.  Thereafter, on or about June 17, 2020, Forms Direct changed its name to "File Right, Inc." (referred to as "File Right" herein).

15.    Defendant File Right, along with its related merged entity File Right, LLC, transacts or has transacted business in this district and throughout the United States.  At all times material to this Complaint, acting alone or in concert with others, Defendant has advertised, marketed, distributed, provided or sold immigration and naturalization form preparation services to consumers throughout the United States - including into the District of Nevada - that generate millions of dollars of revenue for Defendant each year.  File Right is fully responsible as surviving entity for any liabilities, including damages, from patent infringement of the Robolaw Patents by Forms Direct and also File Right, LLC.  File Right is jointly and severally liable for any liabilities, including damages, from patent infringement of the Robolaw Patents by Forms Direct and also File Right, LLC.

## JURISDICTION AND VENUE

16.    This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17.     This Court has both general and specific jurisdiction over Defendant because Defendant is headquartered and has committed acts within the District of Nevada giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.  Defendant, directly and/or through subsidiaries and intermediaries (including distributors, retailers, franchisees and others), has committed and continues to commit acts of patent infringement in this District, by, among other things, making, using, testing, selling, licensing, importing, and/or offering for sale/license products and services that infringe the Robolaw Patents.

18.     Venue is proper in this district and division under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because Defendant is headquartered and has committed acts of infringement in the District of Nevada and has a regular and established physical place of business and employees in the District of Nevada.

## FACTUAL BACKGROUND

19.     On November 30, 2010, the United States Patent and Trade Office ("USPTO") duly and legally issued the '569 Patent.  Robolaw is the owner by assignment of the '569 Patent and holds all rights and interest in that patent.

20.    On May 14, 2019, the United States Patent and Trade Office ("USPTO") duly and legally issued the '663 Patent. Robolaw is the owner by assignment of the '663 Patent and holds all rights and interest in that patent.

21.    No claim of the Robolaw Patents is directed to an abstract idea or law of nature.

22.    The Robolaw Patent are directed to a network-based computing environment that is configured to used expert legal knowledge to generate legal documents. The expert legal knowledge is built into an expert computing system

23.    Generally speaking, all the claims of the Robolaw Patents concern generation of cloud-based legal documents. All claims of the Robolaw Patents go beyond merely claiming a result and further include specific limitations about how the claimed innovations achieve any result.

24.    All the claims of the Robolaw Patents are implemented by a computer and cannot be implemented by mental processes or pen and paper.

25.    All the claims and the specifications of the Robolaw Patents include or yield an improvement in computer functionality.

### A.    The '569 Patent

26.    In claim 18-22 as well as the specification of the '569 Patent, the associating of question sets with document templates for purposes of customization is an improvement in computer functionality. It allows for

accurate, efficient, cloud-based customization of documents, such as legal documents.

27.     In claim 18-22 as well as the specification of the '569 Patent, the associating of document templates and its associated question sets to expert processes provided at a server machine is an improvement in computer functionality.  It allows for efficient, cloud-based customization of documents, such as legal documents.

28.     Claim 18-22 of the '569 Patent are each detailed enough to claim a practical application and/or inventive step.

29.     As to claim 18, it is neither well-understood, conventional nor routine to: use a server machine to: receive a customization request for a particular document template to a user of a local machine.

30.     As to claim 18, it is neither well-understood, conventional nor routine to: provide an interview question set for the particular document template to the local machine.

31.     As to claim 18, it is neither well-understood, conventional nor routine to use a server machine to: display, at the local machine, the interview question set from the server machine to obtain answers to questions in the interview question set.

32.     As to claim 18, it is neither well-understood, conventional nor routine to: perform expert processes at the server machine to produce a customized document for the user based on the particular document template and the answers to the questions in the interview question set, and then send the produced customized document from the server machine to the local machine for the user.

33.     As to claim 19, it is neither well-understood, conventional nor routine to: generate the customized document such that it has a non-editable format, such that as received on the local machine from the server machine the customized document is useable by not alterable.

34.     As to claim 20, it is neither well-understood, conventional nor routine to: use the expert processes that computer implemented and operate on the server machine.

35.     As to claim 21, it is neither well-understood, conventional nor routine to: use at least one the answers to select from available alternative portions associated with the selected document template.

36.     As to claim 22, it is neither well-understood, conventional nor routine to: select a document package as the document template to be customized.

37.     As to claim 22, it is neither well-understood, conventional nor routine to: perform the expert processes operate to produce a plurality of related customized documents for the user based on the selected document package and the answers.

38.     As to claim 22, it is neither well-understood, conventional nor routine to: send the related customized documents to the local machine via the network.

39.     As to claim 18, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 18 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea.  These elements of claim 18 include one or a combination of the elements of:  selecting a document template to be customized for a user of a local machine; sending a customization request of the selected document template from the local machine to a server machine, the server machine being coupleable to the local machine via the network; retrieving an interview question set from the server machine for the selected document template; sending the interview question set to the local machine; displaying, on the local machine, questions from the interview question set; sending answers to the questions of the interview question set to the server machine; performing expert processes to produce a customized document for the user based on the selected document template and the answers; and/or sending the customized document to the local machine via the network.

40.     As to claim 19, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 19 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than

a patent claim upon than a mere abstract idea. These elements of claim 19 include one or a combination of the elements of claim 18 as well as: wherein the customized document has a non-editable format, such that as received on the local machine from the server machine the customized document is useable by not alterable.

41.    As to claim 20, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 20 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea. These elements of claim 20 include one or a combination of the elements of claims 18 and 19 as well as: wherein the network is the Internet, and wherein said performing the expert processes are computer implemented and operate on the server machine.

42.    As to claim 21, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 21 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea. These elements of claim 21 include one or a combination of the elements of claim 18 as well as: wherein at least one the answers are used to select from available alternative portions associated with the selected document template.

43.     As to claim 22, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 22 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea.  These elements of claim 22 include one or a combination of the elements of claim 18 as well as: wherein said selecting of the document template to be customized operates to select a document package, wherein said performing the expert processes operate to produce a plurality of related customized documents for the user based on the selected document package and the answers, and wherein said sending operates to send the related customized documents to the local machine via the network.

**B.     The '663 Patent**

44.     In claims 1-46 as well as the specification of the '663 Patent, the associating of question sets with document templates for purposes of customization is an improvement in computer functionality.  It allows for accurate, efficient, cloud-based customization of documents, such as legal documents.

45.     In claims 1-46 as well as the specification of the '663 Patent, the associating of document templates and its associated question sets to expert processes provided at a server machine is an improvement in computer

functionality. It allows for efficient, cloud-based customization of documents, such as legal documents.

46.    Claims 1-46 of the '663 Patent are each detailed enough to claim a practical application and/or inventive step.

47.    As to claim 1, it is neither well-understood, conventional nor routine to have a server machine (having a memory and a processor) that is configured to produce a customized legal document that operates to: receive, from a local machine via the network, a customization request to customize a selected document template for a legal document at said server machine; retrieve an interview question set for the selected document template, the interview question set being retrieved from a group of question sets that are predetermined and the interview question set being retrieved is associated with the selected document template; send the interview question set to the local machine via the network where questions from the interview question set are able to be presented via the local machine; receive, from the local machine via the network, answers to the questions of the interview question set; perform one or more of the expert processes to produce a customized legal document based on the selected document template and the answers to the questions of the interview question set, the expert processes are implemented by computer program code which when performed controls content and verbiage of at least a portion of the customized legal

document being produced, the customized legal document being an electronic document; and/or after the customized legal document has been produced, electronically transmit the customized legal document to the local machine or other machine via the network.

48.    As to claim 1, it is neither well-understood, conventional nor routine to have a server machine (having a memory and a processor) that is configured to produce a customized legal document: wherein the selected document template is used at said server machine to produce the customized legal document, and wherein the customized legal document is electronically transmitted to the local machine or other machine after the answers to the questions of the interview question set for the selected document template have been received at said server machine.

49.    As to claim 2, it is neither well-understood, conventional nor routine to have a server machine (having a memory and a processor) that is configured to produce a customized legal document: wherein the customized legal document has a non-editable format, such that when received from the server machine, the customized legal document is useable but not alterable.

50.    As to claim 3, it is neither well-understood, conventional nor routine to have a server machine (having a memory and a processor) that is configured to produce a customized legal document: wherein at least one the answers are used to

select from available alternative portions associated with the selected document template.

51.    As to claim 4, it is neither well-understood, conventional nor routine to have a server machine (having a memory and a processor) that is configured to produce a customized legal document: wherein the selected document template to be customized corresponds to a document package, and wherein the expert processes operate to produce a plurality of related customized documents based on the selected document package and the answers.

52.    As to claim 5, it is neither well-understood, conventional nor routine to have a server machine (having a memory and a processor) that is configured to produce a customized legal document: wherein presentation of at least one of the questions from the interview question set via the local machine is dependent on predetermined logic associated with the interview question set, and wherein the predetermined logic impacts sequencing or ordering of at least one of the questions from the interview question set.

53.    As to claim 6, it is neither well-understood, conventional nor routine to have a server machine (having a memory and a processor) that is configured to produce a customized legal document: wherein presentation of at least one of the questions from the interview question set via the local machine is dependent on predetermined logic associated with the interview question set, and wherein the

predetermined logic impacts skipping of at least one of the questions from the interview question set.

54.    As to claim 7, it is neither well-understood, conventional nor routine to have a server machine (having a memory and a processor) that is configured to produce a customized legal document: wherein the local machine is associated with a requestor, and wherein presentation of at least one of the questions from the interview question set via the local machine differs for different requestors dependent on predetermined logic associated with the interview question set, and wherein the predetermined logic impacts skipping or ordering of at least one of the questions from the interview question set.

55.    As to claim 8, it is neither well-understood, conventional nor routine to have a server machine (having a memory and a processor) t56t is configured to produce a customized legal document: wherein the selected document template pertains to a plurality of different electronic documents, and/or wherein the at least one processor is configured to performs the one or more of the expert processes to produce a set of customized electronic documents from the selected document template and the responses to the interview question set, the customized electronic documents including at least the customized legal document.

56.    As to claim 9, it is neither well-understood, conventional nor routine to have a server machine (having a memory and a processor) that is configured to

produce a customized legal document: wherein the server machine includes or couples to a user storage library, and/or wherein the user storage library stores the previously produced customized legal documents for a given user as well as other information previously acquired from the given user, and wherein the at least one processor is further configured to remove one or more questions from the interview question set for the selected document template that are to be presented via the local machine through use of the information stored in the user storage library for the given user.

57.     As to claim 10, it is neither well-understood, conventional nor routine to have a server machine (having a memory and a processor) that is configured to produce a customized legal document: wherein the at least one processor is further configured to: access at least a portion of the other information previously acquired from the given user and stored in the user storage library corresponding to the given user, and/or reduce required interaction with the given user via the local machine to produce the customized legal document via the interview question set for the selected document template through use of at least a portion of the other information stored in the user storage library for the given user.

58.     As to claim 11, it is neither well-understood, conventional nor routine to have a server machine (having a memory and a processor) that is configured to produce a customized legal document: wherein, due to predetermined associations,

the selected document template has a corresponding interview question set for the selected document template and also has corresponding expert processes for use with the selected document template.

59.    As to claim 12, it is neither well-understood, conventional nor routine to have an electronic document generation system for producing customized documents using a network, in which the electronic document generation system: a document template storage to store a plurality of document templates; a question set storage to store a plurality of question sets that are associated with the document templates; an expert logic storage to store expert processes associated with the document templates; and/or a document server machine.

60.    As to claim 12, it is neither well-understood, conventional nor routine to have an electronic document generation system for producing customized documents using a network, in which its document server machine configured to: receive, from a user machine via the network, a customization request to customize a selected document template at the document server; identify an interview question set for the selected document template from the plurality of question sets stored in the question set storage, the interview question set being identified is associated with the selected document template, wherein different ones of the document templates have different ones of the interview question sets associated therewith; retrieve the interview question set for the selected document template;

send the interview question set to the user machine via the network where questions from the interview question set are able to be presented via the user machine; receive, from a user machine via the network, answers to the questions of the interview question set; perform one or more of the expert processes to produce a customized legal document based on the selected document template and the answers to the questions of the interview question set, the expert processes are implemented by computer program code which when performed controls content and verbiage of at least a portion of the customized legal document being produced; and/or after the customized legal document has been produced, electronically transmit the customized legal document to the user machine or other machine via the network, and also wherein the selected document template is used at said document server machine to produce the customized legal document, and wherein the customized legal document is electronically transmitted to the local machine or other machine after the answers to the questions of the interview question set for the selected document template have been received at said document server machine.

61.     As to claim 13, it is neither well-understood, conventional nor routine to have an electronic document generation system for producing customized documents using a network, in which the customized legal document is a completed electronic form.

62.    As to claim 14, it is neither well-understood, conventional nor routine to have an electronic document generation system for producing customized documents using a network, in which the customization request is initiated by a requestor, and wherein said electronic document generation system comprises sending the customized legal document to the requestor via the network.

63.    As to claim 15, it is neither well-understood, conventional nor routine to have an electronic document generation system for producing customized documents using a network, wherein the customization request is initiated by a requestor, and/or wherein the answers to the interview question set result from answers by the requestor to the interview question set.

64.    As to claim 16, it is neither well-understood, conventional nor routine to have an electronic document generation system for producing customized documents using a network, in which different ones of the document templates have different ones of the interview question sets corresponding thereto.

65.    As to claim 17, it is neither well-understood, conventional nor routine to have an electronic document generation system for producing customized documents using a network, in which the customized legal document has a non-editable format, such that the customized legal document is an non-alterable format.

66.    As to claim 18, it is neither well-understood, conventional nor routine to have an electronic document generation system for producing customized documents using a network, in which the customization request is initiated by a requestor, and wherein the answers to the interview question set result from answers by the requestor to the interview question set, and/or wherein different ones of the template documents have different ones of the interview question sets corresponding thereto.

67.    As to claim 19, it is neither well-understood, conventional nor routine to have an electronic document generation system for producing customized documents using a network, wherein the selected document template pertains to a plurality of different electronic documents, and/or wherein said document server performs the one or more of the expert processes to produce a set of customized electronic documents from the selected document template and the responses to the interview question set, the customized electronic documents including at least the customized legal document.

68.    As to claim 20, it is neither well-understood, conventional nor routine to have an electronic document generation system for producing customized documents using a network, wherein the selected document template and the associated interview question set pertains to a plurality of different electronic documents, and/or wherein said document server machine performs the one or

more of the expert processes to produce a plurality of customized electronic documents from the selected document template and the responses to the interview question set, the customized electronic documents including at least the customized legal document and another customized legal document.

69.     As to claim 21, it is neither well-understood, conventional nor routine to have an electronic document generation system for producing customized documents using a network, in which at least one the answers are used to select from available alternative portions associated with the selected document template.

70.     As to claim 22, it is neither well-understood, conventional nor routine to have an electronic document generation system for producing customized documents using a network, wherein the selected document template to be customized corresponds to a document package, and/or wherein the expert processes operate to produce a plurality of related customized legal documents based on the document package and the answers.

71.     As to claim 23, it is neither well-understood, conventional nor routine to have an electronic document generation system for producing customized documents using a network, wherein the selected document template and the associated interview question set pertains to a plurality of different electronic legal documents, and/or wherein said document server machine performs the one or more of the expert processes to produce the plurality of electronic legal documents

from the selected document template and the answers to the interview question set, the plurality of different electronic legal documents including at least the customized legal document and another customized legal document.

72.    As to claim 24, it is neither well-understood, conventional nor routine to have an electronic document generation system for producing customized documents using a network, in which at least one the answers are used to select from available alternative portions associated with the selected document template.

73.    As to claim 25, it is neither well-understood, conventional nor routine to have an electronic document generation system for producing customized documents using a network, in which, due to predetermined associations, the selection of the selected document template from the document template storage not only selects the selected document template but also identifies the interview question set for the selected document template that is to be retrieved and also the expert processes for use with the selected document template.

74.    As to claim 26, it is neither well-understood, conventional nor routine to have an electronic document generation system for producing customized documents using a network, wherein the electronic document generation system comprises a user library storage to store the customized legal document that has been produced such that the electronic document generation system archives previously produced customized legal documents for a given user such that the

given user is able to later retrieve copies of the previously produced customized legal documents for the given user.

75.    As to claim 27, it is neither well-understood, conventional nor routine to have an electronic document generation system for producing customized documents using a network, wherein the user library storage stores the previously produced customized legal documents for a given user as well as other information previously acquired from the given user, and wherein the document server machine of the electronic document generation system is further configured to reduce required interaction with the given user with respect to the interview question set through use of the information stored in the user storage library for the given user.

76.    As to claim 28, it is neither well-understood, conventional nor routine to have an electronic document generation system for producing customized documents using a network, wherein the user library storage stores the previously produced customized legal documents for a given user as well as other information previously acquired from the given user, and wherein the document server machine of the electronic document generation system is further configured to remove or omit one or more questions from the interview question set for the selected document template that are to be presented via the user machine through use of the information stored in the user library storage for the given user.

77.    As to claim 14, it is neither well-understood, conventional nor routine to have an electronic document generation system for producing customized documents using a network, in which, due to predetermined associations, the selection of the selected document template from the document template storage not only selects the selected document template but also identifies the interview question set for the selected document template that is to be retrieved and also the expert processes for use with the selected document template.

78.    As to claim 30, it is neither well-understood, conventional nor routine to have an electronic document generation system for producing customized documents using a network, in which the electronic document generation system comprises a user library storage to store the customized legal document that has been produced such that the electronic document generation system archives previously produced customized legal documents for a given user such that the given user is able to later retrieve copies of the previously produced customized legal documents for the given user.

79.    As to claim 31, it is neither well-understood, conventional nor routine to have an electronic document generation system for producing customized documents using a network, wherein the user library storage stores the previously produced customized legal documents for a given user as well as other information previously acquired from the given user, and/or wherein the document server

machine of the electronic document generation system is further configured to reduce required interaction with the given user with respect to the interview question set through use of the information stored in the user storage library for the given user.

80.    As to claim 32, it is neither well-understood, conventional nor routine to have an electronic document generation system for producing customized documents using a network, wherein the user library storage stores the previously produced customized legal documents for a given user as well as other information previously acquired from the given user, and/or wherein the document server machine of the electronic document generation system is further configured to remove one or more questions from the interview question set for the selected document template that are to be presented via the user machine through use of the information stored in the user library storage for the given user.

81.    As to claim 33, it is neither well-understood, conventional nor routine to have a non-transitory computer readable medium that includes at least computer program code for producing a customized electronic document, in which the computer readable medium includes: computer program code for receiving a customization request for an electronic document, the customization request including or associating to document data; computer program code for determining a template document for the electronic document based on the document data, the

template document being determined from a plurality of available template documents; computer program code for obtaining a question set that is predetermined and associated with but separate from the template document; computer program code for receiving responses to the question set; computer program code for producing a customized electronic legal document from the template document and the responses to the question set, expert processes are associated with the template document and are implemented by computer program code which when performed controls content and verbiage of at least a portion of the customized electronic legal document being produced; and/or computer program code transmitting the customized electronic legal document to the local machine or other machine via a network, after the customized electronic legal document has been produced, and further wherein the template document is not provided to the local machine or other machine via the network.

82.     As to claim 34, it is neither well-understood, conventional nor routine to have a non-transitory computer readable medium that includes at least computer program code for producing a customized electronic document, in which the customized electronic legal document is a completed electronic form.

83.     As to claim 35, it is neither well-understood, conventional nor routine to have a non-transitory computer readable medium that includes at least computer program code for producing a customized electronic document, in which the

customization request is initiated by a requestor, and wherein said computer readable medium comprises sending the customized electronic legal document to the requestor via the network.

84.    As to claim 36, it is neither well-understood, conventional nor routine to have a non-transitory computer readable medium that includes at least computer program code for producing a customized electronic document, in which the customization request is initiated by a requestor, and wherein the responses to the question set result from answers by the requestor to the question set.

85.    As to claim 37, it is neither well-understood, conventional nor routine to have a non-transitory computer readable medium that includes at least computer program code for producing a customized electronic document, in which different template documents have different ones of the available question sets corresponding thereto.

86.    As to claim 38, it is neither well-understood, conventional nor routine to have a non-transitory computer readable medium that includes at least computer program code for producing a customized electronic document, in which the customized electronic legal document has a non-editable format, such that the customized electronic legal document is useable but not alterable by a recipient.

87.    As to claim 39, it is neither well-understood, conventional nor routine to have a non-transitory computer readable medium that includes at least computer

program code for producing a customized electronic document, in which the template document pertains to a plurality of different electronic documents, and wherein said computer program code for producing produces a set of customized electronic documents from the template document and the responses to the question set.

88.    As to claim 40, it is neither well-understood, conventional nor routine to have a non-transitory computer readable medium that includes at least computer program code for producing a customized electronic document, in which the template document to be customized corresponds to a document package, and wherein the expert processes operate to produce a plurality of related customized legal documents based on the document package and the answers.

89.    As to claim 41, it is neither well-understood, conventional nor routine to have a non-transitory computer readable medium that includes at least computer program code for producing a customized electronic document, in which the template document and the question set pertains to a plurality of different electronic legal documents, and wherein the computer program code for producing the customized legal document includes at least computer program code for performing one or more of the expert processes to produce the plurality of electronic legal documents from the template document and the answers to the question set, the plurality of different electronic legal documents including at least

the customized electronic legal document and another customized electronic legal document.

90.     As to claim 41, it is neither well-understood, conventional nor routine to have a non-transitory computer readable medium that includes at least computer program code for producing a customized electronic document, in which at least one the answers are used to select from available alternative portions associated with the template document.

91.     As to claim 43, it is neither well-understood, conventional nor routine to have a non-transitory computer readable medium that includes at least computer program code for producing a customized electronic document, wherein, due to predetermined associations, the determination of the template document not only selects the template document from the plurality of available template documents but also identifies the question set for the template document that is to be retrieved and also the expert processes for use with the template document.

92.     As to claim 44, it is neither well-understood, conventional nor routine to have a non-transitory computer readable medium that includes at least computer program code for producing a customized electronic document, wherein, due to predetermined associations, the determination of the template document not only selects the template document from the plurality of available template documents

but also identifies the question set for the template document that is to be retrieved and also the expert processes for use with the template document.

93.    As to claim 45, it is neither well-understood, conventional nor routine to have a non-transitory computer readable medium that includes at least computer program code for producing a customized electronic document, in which the template document to be customized corresponds to a document package, and wherein the expert processes operate to produce a plurality of related customized legal documents based on the document package and the answers.

94.    As to claim 46, it is neither well-understood, conventional nor routine to have a non-transitory computer readable medium that includes at least computer program code for producing a customized electronic document, wherein the template document and the question set pertains to a plurality of different electronic legal documents, and/or wherein the computer program code for producing the customized legal document includes at least computer program code for performing one or more of the expert processes to produce the plurality of electronic legal documents from the template document and the answers to the question set, the plurality of different electronic legal documents including at least the customized electronic legal document and another customized electronic legal document.

95.     As to claim 1, it is neither well-understood, conventional nor routine to have a server machine (having a memory and at least one processor) that is configured to produce a customized legal document that operates to: receive, from a local machine via the network, a customization request to customize a selected document template for a legal document at said server machine; retrieve an interview question set for the selected document template, the interview question set being retrieved from a group of question sets that are predetermined and the interview question set being retrieved is associated with the selected document template; send the interview question set to the local machine via the network where questions from the interview question set are able to be presented via the local machine; receive, from the local machine via the network, answers to the questions of the interview question set; perform one or more of the expert processes to produce a customized legal document based on the selected document template and the answers to the questions of the interview question set, the expert processes are implemented by computer program code which when performed controls content and verbiage of at least a portion of the customized legal document being produced, the customized legal document being an electronic document; and after the customized legal document has been produced, electronically transmit the customized legal document to the local machine or other machine via the network, and further wherein the selected document template is

used at said server machine to produce the customized legal document, and

wherein the customized legal document is electronically transmitted to the local

machine or other machine after the answers to the questions of the interview

question set for the selected document template have been received at said server

machine.

96.     As to claim 2, is directed to something more than an abstract idea, and there

exists an element or combination of elements in claim 2 that are sufficient to

ensure that the involved patent claim in practice amounts to significantly more than

a patent claim upon than a mere abstract idea.  These elements of claim 2 include

one or a combination of the elements of claim 1 as well as: wherein the customized

legal document has a non-editable format, such that when received from the server

machine, the customized legal document is useable but not alterable.

97.     As to claim 3, is directed to something more than an abstract idea, and there

exists an element or combination of elements in claim 3 that are sufficient to

ensure that the involved patent claim in practice amounts to significantly more than

a patent claim upon than a mere abstract idea.  These elements of claim 3 include

one or a combination of the elements of claim 1 as well as: wherein at least one the

answers are used to select from available alternative portions associated with the

selected document template.

98.    As to claim 4, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 4 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea.  These elements of claim 4 include one or a combination of the elements of claim 1 as well as: wherein the selected document template to be customized corresponds to a document package, and wherein the expert processes operate to produce a plurality of related customized documents based on the selected document package and the answers.

99.    As to claim 5, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 5 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea.  These elements of claim 5 include one or a combination of the elements of claim 1 as well as: wherein presentation of at least one of the questions from the interview question set via the local machine is dependent on predetermined logic associated with the interview question set, and wherein the predetermined logic impacts sequencing or ordering of at least one of the questions from the interview question set.

100.    As to claim 6, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 6 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than

a patent claim upon than a mere abstract idea. These elements of claim 6 include one or a combination of the elements of claim 1 as well as: wherein presentation of at least one of the questions from the interview question set via the local machine is dependent on predetermined logic associated with the interview question set, and wherein the predetermined logic impacts skipping of at least one of the questions from the interview question set.

101. As to claim 7, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 7 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea. These elements of claim 7 include one or a combination of the elements of claim 1 as well as: wherein the local machine is associated with a requestor, and wherein presentation of at least one of the questions from the interview question set via the local machine differs for different requestors dependent on predetermined logic associated with the interview question set, and wherein the predetermined logic impacts skipping or ordering of at least one of the questions from the interview question set.

102. As to claim 8, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 8 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea. These elements of claim 8 include

one or a combination of the elements of claim 1 as well as: wherein the selected document template pertains to a plurality of different electronic documents, and wherein the at least one processor is configured to performs the one or more of the expert processes to produce a set of customized electronic documents from the selected document template and the responses to the interview question set, the customized electronic documents including at least the customized legal document.

103.   As to claim 9, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 9 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea.  These elements of claim 9 include one or a combination of the elements of claim 1 as well as: wherein the server machine includes or couples to a user storage library, wherein the user storage library stores the previously produced customized legal documents for a given user as well as other information previously acquired from the given user, and wherein the at least one processor is further configured to remove one or more questions from the interview question set for the selected document template that are to be presented via the local machine through use of the information stored in the user storage library for the given user.

104.   As to claim 10, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 10 that are sufficient to

ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea. These elements of claim 10 include one or a combination of the elements of claims 1 and 9 as well as wherein the at least one processor is further configured to: access at least a portion of the other information previously acquired from the given user and stored in the user storage library corresponding to the given user, and reduce required interaction with the given user via the local machine to produce the customized legal document via the interview question set for the selected document template through use of at least a portion of the other information stored in the user storage library for the given user.

105.   As to claim 11, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 11 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea. These elements of claim 11 include one or a combination of the elements of claim 1 as well as wherein, due to predetermined associations, the selected document template has a corresponding interview question set for the selected document template and also has corresponding expert processes for use with the selected document template.

106.   As to claim 12, it is neither well-understood, conventional nor routine to have an electronic document generation system for producing customized documents using a network that includes: a document template storage to store a

plurality of document templates; a question set storage to store a plurality of question sets that are associated with the document templates; an expert logic storage to store expert processes associated with the document templates; and a document server machine, and further wherein the document server machine is configured to: receive, from a user machine via the network, a customization request to customize a selected document template at the document server; identify an interview question set for the selected document template from the plurality of question sets stored in the question set storage, the interview question set being identified is associated with the selected document template, wherein different ones of the document templates have different ones of the interview question sets associated therewith; retrieve the interview question set for the selected document template; send the interview question set to the user machine via the network where questions from the interview question set are able to be presented via the user machine; receive, from a user machine via the network, answers to the questions of the interview question set; perform one or more of the expert processes to produce a customized legal document based on the selected document template and the answers to the questions of the interview question set, the expert processes are implemented by computer program code which when performed controls content and verbiage of at least a portion of the customized legal document being produced; and after the customized legal document has been

produced, electronically transmit the customized legal document to the user machine or other machine via the network, and further still wherein the selected document template is used at said document server machine to produce the customized legal document, and wherein the customized legal document is electronically transmitted to the local machine or other machine after the answers to the questions of the interview question set for the selected document template have been received at said document server machine.

107.   As to claim 13, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 13 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea.  These elements of claim 13 include one or a combination of the elements of claim 12 as well as wherein the customized legal document is a completed electronic form.

108.   As to claim 14, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 14 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea.  These elements of claim 14 include one or a combination of the elements of claim 12 as well as: wherein the customization request is initiated by a requestor, and wherein said electronic

document generation system comprises sending the customized legal document to the requestor via the network.

109.   As to claim 15, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 15 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea.  These elements of claim 15 include one or a combination of the elements of claim 12 as well as: wherein the customization request is initiated by a requestor, and wherein the answers to the interview question set result from answers by the requestor to the interview question set.

110.   As to claim 16, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 16 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea.  These elements of claim 16 include one or a combination of the elements of claim 12 as well as wherein different ones of the document templates have different ones of the interview question sets corresponding thereto.

111.   As to claim 17, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 17 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than

a patent claim upon than a mere abstract idea. These elements of claim 17 include one or a combination of the elements of claim 12 as well as wherein the customized legal document has a non-editable format, such that the customized legal document is an non-alterable format.

112. As to claim 18, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 18 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea. These elements of claim 18 include one or a combination of the elements of claim 12 as well as: wherein the customization request is initiated by a requestor, wherein the answers to the interview question set result from answers by the requestor to the interview question set, and wherein different ones of the template documents have different ones of the interview question sets corresponding thereto.

113. As to claim 19, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 19 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea. These elements of claim 19 include one or a combination of the elements of claims 12 and 18 as well as: wherein the selected document template pertains to a plurality of different electronic documents, and wherein said document server performs the one or more of the

expert processes to produce a set of customized electronic documents from the selected document template and the responses to the interview question set, the customized electronic documents including at least the customized legal document.

114. As to claim 20, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 20 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea. These elements of claim 20 include one or a combination of the elements of claim 12 as well as: wherein the selected document template and the associated interview question set pertains to a plurality of different electronic documents, and wherein said document server machine performs the one or more of the expert processes to produce a plurality of customized electronic documents from the selected document template and the responses to the interview question set, the customized electronic documents including at least the customized legal document and another customized legal document.

115. As to claim 21, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 21 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea. These elements of claim 21 include one or a combination of the elements of claims 12 and 20 as well as wherein at

least one the answers are used to select from available alternative portions associated with the selected document template.

116.   As to claim 22, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 22 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea.  These elements of claim 22 include one or a combination of the elements of claim 12 as well as: wherein the selected document template to be customized corresponds to a document package, and wherein the expert processes operate to produce a plurality of related customized legal documents based on the document package and the answers.

117.   As to claim 23, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 23 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea.  These elements of claim 23 include one or a combination of the elements of claims 12 and 22 as well as: wherein the selected document template and the associated interview question set pertains to a plurality of different electronic legal documents, and wherein said document server machine performs the one or more of the expert processes to produce the plurality of electronic legal documents from the selected document template and the answers to the interview question set, the plurality of different electronic legal

documents including at least the customized legal document and another customized legal document.

118.   As to claim 24, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 24 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea.  These elements of claim 24 include one or a combination of the elements of claims 12, 22 and 23 as well as: wherein at least one the answers are used to select from available alternative portions associated with the selected document template.

119.   As to claim 25, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 25 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea.  These elements of claim 25 include one or a combination of the elements of claims 12, 22 and 23 as well as wherein, due to predetermined associations, the selection of the selected document template from the document template storage not only selects the selected document template but also identifies the interview question set for the selected document template that is to be retrieved and also the expert processes for use with the selected document template.

120.   As to claim 26, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 26 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea.  These elements of claim 26 include one or a combination of the elements of claims 12, 22 and 23 as well as wherein the electronic document generation system comprises a user library storage to store the customized legal document that has been produced such that the electronic document generation system archives previously produced customized legal documents for a given user such that the given user is able to later retrieve copies of the previously produced customized legal documents for the given user.

121.   As to claim 27, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 27 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea.  These elements of claim 27 include one or a combination of the elements of claim 12, 22, 23 and 26 as well as: wherein the user library storage stores the previously produced customized legal documents for a given user as well as other information previously acquired from the given user, and wherein the document server machine of the electronic document generation system is further configured to reduce required interaction

with the given user with respect to the interview question set through use of the information stored in the user storage library for the given user.

122.   As to claim 28, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 28 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea.  These elements of claim 28 include one or a combination of the elements of claim 12, 22, 23 and 26 as well as: wherein the user library storage stores the previously produced customized legal documents for a given user as well as other information previously acquired from the given user, and wherein the document server machine of the electronic document generation system is further configured to remove or omit one or more questions from the interview question set for the selected document template that are to be presented via the user machine through use of the information stored in the user library storage for the given user.

123.   As to claim 29, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 29 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea.  These elements of claim 29 include one or a combination of the elements of claim 12 as well as wherein, due to predetermined associations, the selection of the selected document template from

the document template storage not only selects the selected document template but also identifies the interview question set for the selected document template that is to be retrieved and also the expert processes for use with the selected document template.

124.   As to claim 30, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 30 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea.  These elements of claim 30 include one or a combination of the elements of claim 12 as well as wherein the electronic document generation system comprises a user library storage to store the customized legal document that has been produced such that the electronic document generation system archives previously produced customized legal documents for a given user such that the given user is able to later retrieve copies of the previously produced customized legal documents for the given user.

125.   As to claim 31, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 31 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea.  These elements of claim 31 include one or a combination of the elements of claims 12 and 30 as well as: wherein the user library storage stores the previously produced customized legal documents for

a given user as well as other information previously acquired from the given user, and wherein the document server machine of the electronic document generation system is further configured to reduce required interaction with the given user with respect to the interview question set through use of the information stored in the user storage library for the given user.

126.    As to claim 32, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 32 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea.  These elements of claim 32 include one or a combination of the elements of claims 12 and 30 as well as: wherein the user library storage stores the previously produced customized legal documents for a given user as well as other information previously acquired from the given user, and wherein the document server machine of the electronic document generation system is further configured to remove one or more questions from the interview question set for the selected document template that are to be presented via the user machine through use of the information stored in the user library storage for the given user.

127.    As to claim 33, it is neither well-understood, conventional nor routine to have a non-transitory computer readable medium that includes at least computer program code for producing a customized electronic document, where the

computer readable medium includes: computer program code for receiving a customization request for an electronic document, the customization request including or associating to document data; computer program code for determining a template document for the electronic document based on the document data, the template document being determined from a plurality of available template documents; computer program code for obtaining a question set that is predetermined and associated with but separate from the template document; computer program code for receiving responses to the question set; computer program code for producing a customized electronic legal document from the template document and the responses to the question set, expert processes are associated with the template document and are implemented by computer program code which when performed controls content and verbiage of at least a portion of the customized electronic legal document being produced; and computer program code transmitting the customized electronic legal document to the local machine or other machine via a network, after the customized electronic legal document has been produced, and further where the template document is not provided to the local machine or other machine via the network.

128.   As to claim 34, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 34 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than

a patent claim upon than a mere abstract idea. These elements of claim 34 include one or a combination of the elements of claim 33 as well as wherein the customized electronic legal document is a completed electronic form.

129. As to claim 35, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 35 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea. These elements of claim 35 include one or a combination of the elements of claim 33 as well as wherein the customization request is initiated by a requestor, and wherein said computer readable medium comprises sending the customized electronic legal document to the requestor via the network.

130. As to claim 36, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 36 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea. These elements of claim 36 include one or a combination of the elements of claim 33 as well as: wherein the customization request is initiated by a requestor, and wherein the responses to the question set result from answers by the requestor to the question set.

131. As to claim 37, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 37 that are sufficient to

ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea. These elements of claim 37 include one or a combination of the elements of claim 33 as well as wherein different template documents have different ones of the available question sets corresponding thereto.

132.    As to claim 38, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 38 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea. These elements of claim 38 include one or a combination of the elements of claim 33 as well as wherein the customized electronic legal document has a non-editable format, such that the customized electronic legal document is useable but not alterable by a recipient.

133.    As to claim 39, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 39 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea. These elements of claim 39 include one or a combination of the elements of claim 33 as well as: wherein the template document pertains to a plurality of different electronic documents, and wherein said computer program code for producing produces a set of customized electronic documents from the template document and the responses to the question set.

134.   As to claim 40, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 40 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea.  These elements of claim 40 include one or a combination of the elements of claim 33 as well as: wherein the template document to be customized corresponds to a document package, and wherein the expert processes operate to produce a plurality of related customized legal documents based on the document package and the answers.

135.   As to claim 41, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 41 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea.  These elements of claim 41 include one or a combination of the elements of claims 33 and 40 as well as: wherein the template document and the question set pertains to a plurality of different electronic legal documents, and wherein the computer program code for producing the customized legal document includes at least computer program code for performing one or more of the expert processes to produce the plurality of electronic legal documents from the template document and the answers to the question set, the plurality of different electronic legal documents including at least

the customized electronic legal document and another customized electronic legal document.

136.   As to claim 42, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 42 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea.  These elements of claim 42 include one or a combination of the elements of claims 33, 40 and 41 as well as wherein at least one the answers are used to select from available alternative portions associated with the template document.

137.   As to claim 43, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 43 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea.  These elements of claim 43 include one or a combination of the elements of claims 33, 40 and 41 as well as wherein, due to predetermined associations, the determination of the template document not only selects the template document from the plurality of available template documents but also identifies the question set for the template document that is to be retrieved and also the expert processes for use with the template document.

138.   As to claim 44, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 44 that are sufficient to

ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea.  These elements of claim 44 include one or a combination of the elements of claim 33 as well as wherein, due to predetermined associations, the determination of the template document not only selects the template document from the plurality of available template documents but also identifies the question set for the template document that is to be retrieved and also the expert processes for use with the template document.

139.   As to claim 44, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 44 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea.  These elements of claim 44 include one or a combination of the elements of claims 33 and 44 as well as: wherein the template document to be customized corresponds to a document package, and wherein the expert processes operate to produce a plurality of related customized legal documents based on the document package and the answers.

140.   As to claim 46, is directed to something more than an abstract idea, and there exists an element or combination of elements in claim 46 that are sufficient to ensure that the involved patent claim in practice amounts to significantly more than a patent claim upon than a mere abstract idea.  These elements of claim 46 include one or a combination of the elements of claims 33, 44 and 45 as well as: wherein

the template document and the question set pertains to a plurality of different electronic legal documents, and wherein the computer program code for producing the customized legal document includes at least computer program code for performing one or more of the expert processes to produce the plurality of electronic legal documents from the template document and the answers to the question set, the plurality of different electronic legal documents including at least the customized electronic legal document and another customized electronic legal document.

141.    The Robolaw Patents have been cited by at least 76 patents or patent applications as relevant prior art.  Specifically, the Robolaw Patents have been cited by numerous others as being relevant prior art patents, including the following companies: Broadcom Corporation, Sun Microsystems Inc., Apple Inc., Intuit, Inc., Oracle International Corporation, Kabushiki Kaisha Toshiba, Hewlett Packard Development Co., Grammarly, Inc., Bank of America Corporation, and International Business Machines Corporation.

### COUNT I – INFRINGEMENT OF THE '569 PATENT

142.    Paragraphs 1 through 141 are incorporated herein by reference.

143.    The '569 Patent is valid and enforceable.

144.    Pursuant to 35 U.S.C. § 282, all claims of the '569 patent is presumed valid.

145.    Defendant provides immigration form preparation services for completing or preparing immigration applications, forms or paperwork online (hereafter "File Right Services"), including but not limited to Green Card Renewal or Replacement; U.S. Citizenship; Petition for Alien Relative (Green Card); Travel Document; Adjustment of Status; Replace Certificate of Citizenship Certificate of Citizenship; Employment Authorization; Deferred Action (DACA) Renewal; Remove Green Card Conditions; Affidavit of Support Duplicate Approval Notice; and Fiancé(e) K-1 Petition.

146.    Defendant has infringed and continues to infringe at least claims 18-22 of the '569 Patent under 35 U.S.C. § 271(a), either literally or under the Doctrine of Equivalents, by operating an interactive e-commerce system and by providing or performing File Right Services within the United States that is covered by the claims of the of the '569 Patent.  Defendant's providing or performing File Right Services performs or otherwise satisfies all claim limitations of at least claims 18-22 of the '569 Patent, including claim 18, as set forth in the preliminary infringement claim chart attached as Exhibit 3.

147.    On information and belief, Defendant has directly infringed and continues to directly infringe the '569 Patent by, among other things, making, using, offering for sale, and/or selling technology and services for completing or preparing

immigration applications, forms or paperwork online, including but not limited to the File Right Services.

148.   On information and belief, Defendant uses the subject matter of the '569 Patent in its regular business operations.

149.   On information and belief, Defendant makes and uses the subject matter of the '569 Patent when providing goods or services, including the File Right Services, available to businesses and individuals throughout the United States.

150.   On information and belief, Defendant makes and uses the subject matter of the '569 Patent when providing goods or services, including the File Right Services, to businesses and individuals located in Nevada.

151.   On information and belief, Defendant has had knowledge and notice of the '569 Patent, as well as of its own infringement of the '569 Patent.

152.   Defendant has had knowledge and notice of the '569 Patent, as well as of its own infringement of the '569 Patent, since at least May 2024.

153.   At least as of May 2019 and also again as of the date of the present Complaint, Defendant knows and specifically intends that its end users practice the claims of the '569 Patent, when using its website and service as intended.

154.   On information and belief, Defendant intended to induce patent infringement by third-party customers and users of the File Right Services and had knowledge that the inducing acts would cause infringement or was willfully blind to the

possibility that its inducing acts would cause infringement. Defendant specifically intended and was aware that the normal and customary use of the accused products would infringe the '569 Patent. Defendant performed the acts that constitute induced infringement, and would induce actual infringement, with knowledge of the '569 Patent and with the knowledge that the induced acts would constitute infringement. For example, Defendant provides the File Right Services that have the capability of operating in a manner that infringe one or more of the claims of the '569 Patent, including at least claims 18-22, and Defendant further provides documentation and instructional materials that cause customers and end users to utilize the File Right Services in a manner that directly infringe one or more claims of the '569 Patent. By providing instruction and training to customers and end-users on how to use the File Right Services in a manner that directly infringes one or more claims of the '569 Patent, including at least claims 18-22, Defendant specifically intended to induce infringement of the '569 Patent. On information and belief, Defendant engaged in such inducement to promote the sales of the File Right Services, e.g., through Defendant user guides, product support, marketing materials, and website content to actively induce the users of the accused products to infringe the '569 Patent. Accordingly, Defendant has induced and continues to induce users of the accused products to use the accused products in their ordinary

and customary way to infringe the '569 Patent, knowing that such use constitutes infringement of the '569 Patent.

155.   To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '569 Patent.

156.   As a result of Defendant's infringement of the '569 Patent, Robolaw has and continues to suffered monetary damages, and seeks recovery in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant together with interest and costs as fixed by the Court.

157.   Defendant's infringement of the '569 patent has been and continues to be willful.

158.   Defendant's infringement of the '569 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

**COUNT II – INFRINGEMENT OF THE '663 PATENT**

159.   Paragraphs 1 through 140 are incorporated herein by reference.

160.   The '663 Patent is valid and enforceable.

161.   Pursuant to 35 U.S.C. § 282, all claims of the '663 patent is presumed valid.

162.   Defendant provides immigration form preparation services for completing or preparing immigration applications, forms or paperwork online (hereafter "File Right Services"), including but not limited to Green Card Renewal or

Replacement; U.S. Citizenship; Petition for Alien Relative (Green Card); Travel

Document; Adjustment of Status; Replace Certificate of Citizenship

Certificate of Citizenship; Employment Authorization; Deferred Action (DACA)

Renewal; Remove Green Card Conditions; Affidavit of Support

Duplicate Approval Notice; and Fiancé(e) K-1 Petition.

163.   Defendant has infringed and continues to infringe at least claims 1-46 of the

'663 Patent under 35 U.S.C. § 271(a), either literally or under the Doctrine of

Equivalents, by operating an interactive e-commerce system and by providing or

performing File Right Services within the United States that is covered by the

claims of the of the '663 Patent.  Defendant's providing or performing File Right

Services performs or otherwise satisfies all claim limitations of at least claims 1-46

of the '663 Patent, including claim 1, as set forth in the preliminary infringement

claim chart attached as Exhibit 4.

164.   On information and belief, Defendant has directly infringed and continues to

directly infringe the '663 Patent by, among other things, making, using, offering

for sale, and/or selling technology and services for completing or preparing

immigration applications, forms or paperwork online, including but not limited to

the File Right Services.

165.   On information and belief, Defendant uses the subject matter of the '663

Patent in its regular business operations.

166.  On information and belief, Defendant makes and uses the subject matter of the '663 Patent when providing goods or services, including the File Right Services, available to businesses and individuals throughout the United States.

167.  On information and belief, Defendant makes and uses the subject matter of the '663 Patent when providing goods or services, including the File Right Services, to businesses and individuals located in Nevada.

168.  On information and belief, Defendant has had knowledge and notice of the '663 Patent, as well as of its own infringement of the '663 Patent.

169.  Defendant has had knowledge and notice of the '663 Patent, as well as of its own infringement of the '663 Patent, since at least May 2024.

170.  At least as of May 2019 and also again as of the date of the present Complaint, Defendant knows and specifically intends that its end users practice the claims of the '663 Patent, when using its website and service as intended.

171.  On information and belief, Defendant intended to induce patent infringement by third-party customers and users of the File Right Services and had knowledge that the inducing acts would cause infringement or was willfully blind to the possibility that its inducing acts would cause infringement.  Defendant specifically intended and was aware that the normal and customary use of the accused products would infringe the '663 Patent.  Defendant performed the acts that constitute induced infringement, and would induce actual infringement, with knowledge of

the '663 Patent and with the knowledge that the induced acts would constitute infringement. For example, Defendant provides the File Right Services that have the capability of operating in a manner that infringe one or more of the claims of the '663 Patent, including at least claim 1, 5 and 6, and Defendant further provides documentation and instructional materials that cause customers and end users to utilize the File Right Services in a manner that directly infringe one or more claims of the '663 Patent. By providing instruction and training to customers and end-users on how to use the File Right Services in a manner that directly infringes one or more claims of the '663 Patent, including at least claim 1, 5 and 6, Defendant specifically intended to induce infringement of the '663 Patent. On information and belief, Defendant engaged in such inducement to promote the sales of the File Right Services, e.g., through Defendant user guides, product support, marketing materials, and website content to actively induce the users of the accused products to infringe the '663 Patent. Accordingly, Defendant has induced and continues to induce users of the accused products to use the accused products in their ordinary and customary way to infringe the '663 Patent, knowing that such use constitutes infringement of the '663 Patent.

172. To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '663 Patent.

173. As a result of Defendant's infringement of the '663 Patent, Robolaw has and continues to suffered monetary damages, and seeks recovery in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant together with interest and costs as fixed by the Court.

174. Defendant's infringement of the '663 patent has been and continues to be willful.

175. Defendant's infringement of the '663 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Robolaw respectfully requests that this Court enter:

A. A judgment in favor of Robolaw that Defendant has infringed, either literally and/or under the doctrine of equivalents, the '569 and '663 Patents;

B. An award of damages resulting from Defendant's acts of infringement in accordance with 35 U.S.C. § 284;

C. A judgment and order finding that Defendant's infringement was willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or characteristic of a pirate within the meaning of 35 U.S.C. § 284 and awarding to Robolaw enhanced damages.

D.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Robolaw its reasonable attorneys' fees against Defendant.

E.     Any and all other relief to which Robolaw may show themselves to be entitled.


**JURY TRIAL DEMANDED**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Robolaw requests a trial by jury of any issues so triable by right.


Dated: November 7, 2025

                                    */s/ Tiffany Troy*
                                    Tiffany Troy (#16764)
                                    TROY LAW, PLLC
                                    3608 E Sunset Road,
                                    Suite 110
                                    Las Vegas, NV 89120
                                    (833) 487-6988
                                    tiffanytroy@troypllc.com
                                    *Attorneys for Plaintiff*
                                    *Robolaw Corporation*

OF COUNSEL:
C. Douglass Thomas
TI LAW GROUP, PC
1055 E. Brokaw Rd., #30-355
San Jose, CA  85131
(866) 535-2006
dthomas@tipatents.com